## WILLIAM RICHEY V. BENJAMIN SHINKLE.

1. CONTRACT — *Sufficient Delivery.* Where S. enters into a contract with R. to sell and deliver a certain number of hogs at a designated place, within specified dates, it will be deemed a sufficient delivery of the hogs if S. has all the hogs at the place named, ready for delivery during all the time between the dates mentioned in the contract.

2. CONTRACT — *Delivery* — *Notice.* By the terms of a contract, S. was to deliver to R. a certain number of hogs between the first day of June and the first day of August, at L. *Held,* That S. was not compelled to notify R. what particular day he would deliver the hogs; and also *held,* that in the absence of any notice, it was the duty of R. to have been at L. to receive the hogs on the last day of July.

*Error from Linn District Court.*

ACTION by *Shinkle* against *Richey,* to recover damages for the breach of a certain contract. Judgment for plaintiff, at the April Term, 1885. The defendant brings the case here The opinion states the material facts.

*W. R. Biddle*, for plaintiff in error.

*James D. Snoddy*, for defendant in error.

Opinion by HOLT, C.: The plaintiff and defendant entered into the following contract, at the date named therein, viz.:

"MOUND CITY, KANSAS, Feb. 22, 1884.—This agreement entered into between William Richey and Benjamin Shinkle: Benjamin Shinkle agrees to sell and deliver William Richey one hundred merchantable hogs at La Cygne, Kansas, between the first of June and the first of August, 1884; William Richey to pay six cents per pound; one hundred dollars to be paid on said contract, the balance on delivery of hogs.

> WILLIAM RICHEY.
> BENJ. SHINKLE.

"Received one hundred dollars on same.     $100.

> B. SHINKLE."

Shinkle brought his action against Richey, claiming judgment for one hundred and forty-five dollars, for the breach of said contract. The testimony showed that Richey was a dealer in stock and hogs, and lived at Mound City; that Shinkle was in the business of fattening and shipping stock and hogs. After the contract was made, and before the time of delivery, the price of hogs went down in the market. Richey made no demand on Shinkle for the hogs; was in La Cygne but once for a short time as the train stopped, and made no effort to see him. Shinkle did not notify Richey that he had the hogs ready to deliver to him. Shinkle, on and after June 1, 1884, up to August 1st of the same year, had one hundred merchantable hogs, or more, at La Cygne. About July 20th he weighed out one hundred of them, so they would be ready when Richey should come after them. Upon the first day of August, he shipped quite a large number of hogs to Kansas City, from the station at La Cygne, weighing out one hundred and sending them in the name of and as the hogs of Richey. They weighed 33,600 pounds, and sold for $5.10 per hundred. It was conceded by Richey's attorneys, that if Shinkle could recover at all, the amount of his

recovery should be $145.50. The court directed the jury to find for plaintiff in that sum. Defendant brings the case here for review.

The sole question in this action is, whether there was a sufficient delivery of the hogs named in the contract by Shinkle. The defendant claims that because plaintiff is asking affirmative relief, he must show that he did everything he was bound to do by the terms of the contract, and claims that it was plaintiff's duty to notify him of the time he would deliver. Plaintiff had the number of hogs agreed upon after the first day of June until the first day of August, at the place where they were to be delivered, ready for delivery, and was anxious to deliver them. About the 20th of July he separated and weighed out one hundred merchantable hogs, so he would not have any trouble in getting them up when Richey should come to receive them. We do not think he was required to do more.

Defendant claims it was the duty of Shinkle to notify him of the exact time he would deliver the hogs. It is not so stipulated in the contract. In the absence of an express stipulation, the law fixes the last day of July as the time of delivery under the contract. Shinkle was at La Cygne on that day with his one hundred merchantable hogs, as he had been during the entire months of June and July. Richey was not there. He had failed to be at the place of delivery to receive the hogs at any time during the entire period designated in the contract. He should have been there on the last day of July if no notice had been given him before, to receive and pay for the hogs.

He now seeks to evade the consequences of a contract fairly entered into, because Shinkle did not hunt him up to turn the hogs over to him. Richey was, or should have been, as much interested in the delivery of the hogs as Shinkle. He should not now be permitted to set up his own failure to live up to his contract, to escape the losses that came to him on account of the depression of the markets.

It is recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.